IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LJ TOLIVER,                                §
    ID # 2165232,                       §
        Petitioner,                §
                                           §
v.                                         §          No. 3:23-CV-755-M-BW
                                           §
DIRECTOR, TDCJ-CID,                        §
        Respondent.                §

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case on February 12, 2025. (Dkt. No. 21.)  After receiving an extension of time to file objections to the FCR, Petitioner LJ Toliver's objections were received on April 29, 2025. (Dkt. No. 25.)   The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

### I.  Petitioner's Objections

Petitioner objected to the FCR as to each of the five grounds for relief he raised in his § 2254 petition.  (*See id.* at 1-7.)   The Court finds that only Petitioner's objection to the recommended denial of his claim that state trial counsel rendered ineffective assistance by failing to impeach Ashley Ware ("Ware") at trial with a transcript of the testimony she gave during her guilty plea hearing warrants further discussion.  (*See id.* at 4-5.)   In his objections on this ground—and in addition to reasserting the same arguments presented in his § 2254 pleadings— Petitioner complains that the FCR "characterizes Toliver's claims as to this issue as 'conclusory' and 'unsubstantiated,'" and notes that the FCR "doesn't point to any explanation by Trial Counsel for not specifically impeaching Ware with her plea hearing testimony of no robbery

plans." (*Id.*)

Because this ground for relief was adjudicated on the merits by the state habeas court, this Court's review of the claim is conducted under the "doubly deferential" standards of both *Strickland v. Washington*, 466 U.S. 668 (1984), and 28 U.S.C. § 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011); *see also Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017). As such, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standard," but rather, "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Here, the denial of the claim in the state habeas proceedings was reasonable. As noted in the FCR, state trial counsel submitted an affidavit in response to this claim during the state habeas proceedings. (*See* Dkt. No. 21 at 13; Dkt. No. 9-31 at 53-54.) After reviewing the record and the affidavit, the state habeas trial court found that Petitioner was not denied his right to effective assistance of counsel, and the Texas Court of Criminal Appeals ("TCCA") denied Petitioner's claim on the state habeas trial court's findings and its independent review of the record. (*See* Dkt. No. 21 at 13-14; Dkt. No. 9-33 at 39-41; Dkt. No. 9-34.) On this record, it was reasonable for the state habeas trial court and the TCCA to credit state trial counsel's affidavit and to conclude that counsel was not constitutionally ineffective.

State trial counsel stated in his affidavit that the Texas Rules of Evidence prevent attorneys from introducing transcripts to impeach a witness's testimony, stated that he used Ware's plea hearing transcript to impeach her, and cited Texas Rule of Evidence 613.[1] (*See* Dkt. No. 9-31 at 53.) Under Rule 613, a "witness must be given the opportunity to explain or deny the prior inconsistent statement," and extrinsic evidence may only be admitted if the witness is

---

[1] It appears clear from a review of the affidavit, Ware's plea hearing transcript, and state trial counsel's cross-examination of Ware at trial that state trial counsel's used the plea hearing transcript, among other things, to develop his cross-examination of Ware to attack her credibility.

first examined about the alleged inconsistent statement and "fails to unequivocally admit making the statement." Tex. R. Evid. 613(a)(3), (4). Given the record, the state habeas trial court and TCCA reasonably could have found that state trial counsel implemented a constitutionally effective trial strategy to elicit and accept Ware's admissions at trial that she made inconsistent statements and lied in prior statements, and to not run the risk of compromising any credibility the defense gained with the jury by giving the State an opportunity under the Texas Rules of Evidence to elicit testimony from Ware explaining her alleged prior inconsistent statements.[2]

Further, Petitioner's complaint that the FCR characterized this ground for relief as conclusory and unsubstantiated appears to misunderstand that this characterization was specifically limited to establishing prejudice under the second prong of *Strickland*. (*See* Dkt. No. 21 at 14-15.) Petitioner's allegations as they pertain to resulting prejudice under *Strickland* were and continue to be conclusory and unsubstantiated. Petitioner theorizes and speculates about what would have happened had Ware been specifically confronted with her guilty plea testimony and how it would have impacted the jury and its verdict. He provides no evidence or facts beyond conclusory assertions to show a reasonable probability that his predictions would have come to pass as theorized, and a mere possibility that they could have does not satisfy his burden. *See Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Accordingly, Petitioner has not shown that the state habeas court or TCCA unreasonably applied *Strickland* in denying his claim. The Court **OVERRULES** his objections to the FCR on this ground for relief.

---

[2] Petitioner does not identify any evidence in the state court record to show what Ware's testimony in that situation would have been, or that counsel knew or should have known same. He also presumes that Ware would have had no incentive to lie at her guilty plea hearing, ignoring that, when Ware testified at her guilty plea hearing, the state trial court had not yet accepted her plea and was not bound to follow the plea bargain offer Ware reached with the State. (*See* Dkt. No. 9-8 at 366-67.)

Petitioner's remaining objections to the FCR merely reiterate the arguments and points raised in his federal habeas pleadings. The Court **OVERRULES** the remaining objections on the bases set forth in the FCR.

## II. Certificate of Appealability

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, Petitioner is **DENIED** a Certificate of Appealability. In addition to the above discussion, the Court adopts and incorporates by reference the Magistrate Judge's FCR in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[3]

In the event that Petitioner files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

## III. Conclusion

Petitioner's objections are **OVERRULED**. In accordance with 28 U.S.C. § 636(b)(1),

---

[3]    Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and they are accepted as the findings and conclusions of the Court.  By separate judgment, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 10, 2023 (Dkt. No. 3), will be **DENIED** with prejudice.

    **SO ORDERED this** \_\_18\_\_ **day of** \_\_\_\_July\_\_\_\_, 2025.

                        _____
                        BARBARA M. G. LYNN
                        SENIOR UNITED STATES DISTRICT JUDGE